# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES MAIORANO, III
JILL M. MAIORANO,

    Plaintiffs,

    -vs-                                      No. CIV-02-0117 LH/DJS

CMN KING, DAVID J.
BALTZER, and REHOBOTH
MCKINLEY CHRISTIAN
HEALTH CARE SERVICES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Complaint filed May 8, 2002 (Docket No. 6). In reviewing a *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court, having considered these materials, concludes that Defendants' motion is well-taken and shall be granted.

**I. Standard for Motion to Dismiss**

    Granting a motion to dismiss is a harsh remedy that must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading, but also to protect the interest of justice. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). In ruling on

a motion to dismiss, the Court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the Court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't Interior Secretary*, 163 F.3d 1150, 1152 (10th Cir. 1998).

**II. Section 1983 Claim**

In Paragraph 4 of the Complaint, Plaintiffs allege that jurisdiction is invoked pursuant to 42 U.S.C. § 1983. In order to maintain a § 1983 claim, Plaintiffs must demonstrate that Defendants acted "under color of any statute, ordinance, regulation, custom, or usage, of any State" to deprive Plaintiffs of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiffs must show two essential elements: (1) that the Defendants deprived Plaintiffs of a right secured by the Constitution and laws of the United States, and (2) that the Defendants may fairly be said to be state actors or acting under the color of state law.

Persons may be state actors because they are state officials or because, as private parties, they acted together with or obtained significant aid from state officials." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936 (1982). State officials or private parties are considered to be acting "under color of state law" when they have "exercised power. . . made possible only because the wrongdoer is clothed with the authority of state law." *See West v. Akins*, 487 U.S. 42, 49 (1988) (*citation omitted*), *quoted in Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996). Careful adherence to color of state law requirements avoids imposing on the State responsibility for conduct for which it should not fairly be blamed. *See Lugar*, 457 U.S. at 936. The state actor requirement is a jurisdictional requirement

2

under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

Plaintiffs' Complaint does not sufficiently allege that Defendants were state actors. It lists Rehoboth McKinley Christian Health Care Services as a Defendant and states that it is the employer of CMN King and of David J. Baltzer. (Complaint at ¶ 3). Defendant Rehoboth McKinley Christian Health Care Services is a private corporation and Defendant David J. Beltzer is a private citizen.

The Complaint does not sufficiently allege that Defendants may have acted under color of law in their status as a private corporation and a private citizen. The Supreme Court has articulated a number of tests to determine if a private citizen acts under color of law, that is, if the citizen's actions may be fairly attributed to the State: (1) the nexus test; (2) the symbiotic relation test; (3) the joint action test; (4) the public functions test. *See Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000) (*citations omitted*). Plaintiffs fail to allege that any of these tests apply to their case.

Neither Defendant is a governmental entity nor employee. In fact, Plaintiffs' Complaint expressly answers "No" to its inherent inquiry as to whether the Defendant was "acting under color of state [law]." (Complaint ¶ ¶ 2 and 3). Clearly, none of the Defendants can be a considered to be state actor.

**III. Section 1343 Claim**

In Paragraph 4 of the Complaint, Plaintiffs also allege that jurisdiction is invoked pursuant to 28 U.S.C. § 1343. To maintain a § 1343 claim, Plaintiffs must demonstrate that there was a "deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42." 28 U.S.C. § 1343 (a)(1). The facts alleged in Plaintiffs' Complaint are insufficient to establish a claim under § 1343.

3

## IV. Federal Religious Freedom Restoration Act Claim

The pertinent section of the Federal Religious Freedom Restoration Act states: "Government shall not substantially burden a person's exercise of religion . . . " 42 U.S.C. § 2000 bb-1(a). The statute does not provide a cause of action against private persons or entities. The Plaintiffs' Complaint does not allege that the Defendants are governmental entities or employees. Accordingly, the allegations are insufficient to establish that the Government substantially burdened Plaintiffs' exercise of religion.

## V. New Mexico Religious Freedom Restoration Act Claim

Plaintiffs' Complaint also asserts jurisdiction under "New Mexico Law 28-22-2." (Complaint at ¶ 4). This Act regulates only governmental agency restrictions of a person's free exercise of religion. § 28-22-3 NMSA 1978 (Repl.Pamp.1996 & Cum. 2002). Again, no Defendant is a governmental agency.[1]

Defendants are the prevailing parties and, as such, are entitled to their costs of this action.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Docket No. 6), filed May 8, 2002 is **granted in full** and this case will be **dismissed** in its entirety.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, Plaintiffs' Complaint states that they are residents of Gallup, New Mexico (Complaint at ¶ 1), that Defendant Rehoboth McKinley Christian Health Care Services is a Gallup, New Mexico corporation, and that Defendant David J. Beltzer is an employee of that corporation (Complaint at ¶ 3). Accordingly, there is no diversity of citizenship or other basis for jurisdiction even if the Plaintiffs' Complaint stated a cause of action recognized under New Mexico law.